Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
YULIANA DEL ROCIO ONTANO BRITO, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

JUJUBEEZ LAUNDRY CORP., LAUNDRY LAB ONE LLC, PETER TADROS, and GIANCARLO BATTAGLIA, as individuals,

Defendants.
---------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, **YULIANA DEL ROCIO ONTANO BRITO**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff"), by her attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to herself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, brings this action against **JUJUBEEZ LAUNDRY CORP., LAUNDRY LAB ONE LLC, PETER TADROS, and GIANCARLO BATTAGLIA, as individuals,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **JUJUBEEZ LAUNDRY CORP. and LAUNDRY LAB ONE LLC**, located at 108-10 Roosevelt Avenue, Corona, New York 11368.
2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks

interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.
5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiff*

7. Plaintiff YULIANA DEL ROCIO ONTANO BRITO residing in East Elmhurst, New York was employed by Defendants from in or around July 2023 until in or around August 2026.

### *The Corporate Defendants*

### JUJUBEEZ LAUNDRY CORP.

8. Defendant, JUJUBEEZ LAUNDRY CORP. is a New York domestic business corporation under the laws of New York with a principal executive office address at 108-10 Roosevelt Ave, Corona, NY 11368.
9. Defendant, JUJUBEEZ LAUNDRY CORP. is registered in the New York Department of State, Division of Corporation with service of process address at 8030 161st Street, Jamaica, New York 11432.
10. From the commencement of Plaintiff's employment until in or around July 2024, Defendant JUJUBEEZ LAUNDRY CORP., through its agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over their

employees including Plaintiff in the performance of her duties, which among others include scheduling of work and payment of wages.

11. Accordingly, from the commencement of Plaintiff's employment until in or around July 2024, Defendant JUJUBEEZ LAUNDRY CORP. was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

**LAUNDRY LAB ONE LLC**

12. Defendant, LAUNDRY LAB ONE LLC is a New York domestic limited liability company under the laws of New York with a principal executive office and service of process address at 108-10 Roosevelt Avenue, Corona, New York 11368.

13. From in or around July 2024 until the termination of Plaintiff's employment, Defendant LAUNDRY LAB ONE LLC, through its agents, officers, managers and supervisors, maintained direct control, oversight, and direct supervision over their employees including Plaintiff in the performance of her duties, which among others include scheduling of work and payment of wages.

14. Accordingly, from in or around July 2024 until the termination of Plaintiff's employment, Defendant LAUNDRY LAB ONE LLC was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

**Joint Enterprise(s) of the Corporate Defendants**

15. Upon information and belief, in or around July 2024, the ownership and operation of the laundry business located at 108-10 Roosevelt Avenue, Corona, New York 11368, changed from JUJUBEEZ LAUNDRY CORP., owned and/or operated by PETER TADROS, to LAUNDRY LAB ONE LLC, owned and/or operated by GIANCARLO BATTAGLIA. Notwithstanding the change in corporate ownership and name, Plaintiff continued performing her same duties at the same location for the same type of business.

16. At all times relevant to this action, Corporate Defendants were Plaintiff's employers as defined by NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiff during their respective periods of ownership and/or operation.

17. During their respective periods of ownership and/or operation, Corporate Defendants acted as a single employer in general and a joint employer with respect to Plaintiff.
18. During their respective periods of ownership and/or operation, Corporate Defendants treated and/or held out the Plaintiff as an employee of JUJUBEEZ LAUNDRY CORP. and LAUNDRY LAB ONE LLC.
19. During all relevant times hereto, Plaintiff performed work at Corporate Defendants' job sites and on Corporate Defendants' project, for the benefit of all Corporate Defendants.
20. Upon information and belief, Plaintiff understood herself as being an employee of JUJUBEEZ LAUNDRY CORP. and LAUNDRY LAB ONE LLC.
21. Corporate Defendants' entities employed the same employees and/or benefited jointly from the work performed by the same employees, including Plaintiff, performed the same type of work on/at the same location, and were jointly responsible for supervising the work performed by the same employees, including Plaintiff, at this job site.
22. Defendants were jointly responsible for issuing Plaintiff her wages and setting Plaintiff's work schedules and hours during their respective periods of ownership and/or operation.
23. Defendants were jointly responsible for hiring Plaintiff, setting the rates of pay for Plaintiff, and paying Plaintiff her wages during their respective periods of ownership and/or operation.
24. Defendants were jointly responsible for maintaining all of their employment records during their respective periods of ownership and/or operation.
25. The Corporate Defendant entities sued herein functioned as a single integrated enterprise during Plaintiff's employment by Defendants.
26. Accordingly, during their respective periods of ownership and/or operation, Defendants JUJUBEEZ LAUNDRY CORP. and LAUNDRY LAB ONE LLC were Plaintiff's employers within the meaning and the intent of the FLSA, and the NYLL.
27. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are an enterprise engaged in interstate commerce within the meaning of the FLSA in that JUJUBEEZ LAUNDRY CORP. and LAUNDRY LAB ONE LLC (i) have purchased goods, tools, and supplies for its business through the

streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) have had annual gross volume of sales of not less than $500,000.00.

***Individual Defendants***

**PETER TADROS**

28. Upon information and belief, from the commencement of Plaintiff's employment until in or around July 2024, Defendant PETER TADROS owned, operated and/or controlled JUJUBEEZ LAUNDRY CORP.
29. Upon information and belief, at all relevant times hereto, Defendant PETER TADROS was an agent of JUJUBEEZ LAUNDRY CORP.
30. At all relevant times hereto, Defendant PETER TADROS was responsible for overseeing the daily operations of JUJUBEEZ LAUNDRY CORP.
31. At all relevant times hereto, Defendant PETER TADROS had power and authority over all the final personnel decisions at JUJUBEEZ LAUNDRY CORP.
32. At all relevant times hereto, Defendant PETER TADROS had power and authority over all final payroll decisions of JUJUBEEZ LAUNDRY CORP., including the Plaintiff.
33. Upon information and belief, from the commencement of Plaintiff's employment until in or around July 2024, Defendant PETER TADROS had the power to hire the employees of JUJUBEEZ LAUNDRY CORP. including the Plaintiff.
34. Upon information and belief, from the commencement of Plaintiff's employment until in or around July 2024, Defendant PETER TADROS had the power over the firing and terminating of the employees of JUJUBEEZ LAUNDRY CORP., including Plaintiff.
35. Upon information and belief, at all relevant times hereto, Defendant PETER TADROS was responsible for determining, establishing, and paying the wages of all employees of JUJUBEEZ LAUNDRY CORP., including the Plaintiff, setting her work schedules, and maintaining all their employment records of the business.

36. Accordingly, upon information and belief, from the commencement of Plaintiff's employment until in or around July 2024, Defendant PETER TADROS was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

## GIANCARLO BATTAGLIA

37. Upon information and belief, from in or around July 2024 until the termination of Plaintiff's employment, Defendant GIANCARLO BATTAGLIA owned, operated and/or controlled LAUNDRY LAB ONE LLC.
38. Upon information and belief, at all relevant times hereto, Defendant GIANCARLO BATTAGLIA was an agent of LAUNDRY LAB ONE LLC.
39. At all relevant times hereto, Defendant GIANCARLO BATTAGLIA was responsible for overseeing the daily operations of LAUNDRY LAB ONE LLC.
40. At all relevant times hereto, Defendant GIANCARLO BATTAGLIA had power and authority over all the final personnel decisions at LAUNDRY LAB ONE LLC.
41. At all relevant times hereto, Defendant GIANCARLO BATTAGLIA had power and authority over all final payroll decisions of LAUNDRY LAB ONE LLC, including the Plaintiff.
42. Upon information and belief, from in or around July 2024 until the termination of Plaintiff's employment, Defendant GIANCARLO BATTAGLIA had the power to hire and/or retain the employees of LAUNDRY LAB ONE LLC, including the Plaintiff.
43. Upon information and belief, from in or around July 2024 until the termination of Plaintiff's employment, Defendant GIANCARLO BATTAGLIA had the power over the firing and terminating of the employees of LAUNDRY LAB ONE LLC, including Plaintiff.
44. Upon information and belief, at all relevant times hereto, Defendant GIANCARLO BATTAGLIA was responsible for determining, establishing, and paying the wages of all employees of LAUNDRY LAB ONE LLC, including the Plaintiff, setting her work schedules, and maintaining all their employment records of the business.
45. Accordingly, upon information and belief, from in or around July 2024 until the termination of Plaintiff's employment, Defendant GIANCARLO BATTAGLIA was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

## FACTUAL ALLEGATIONS

46. Plaintiff YULIANA DEL ROCIO ONTANO BRITO was employed by Defendants as a laundry assistant, customer service worker, washer, folder and stocker while performing related miscellaneous duties for the Defendants from in or around July 2023 until in or around August 2026.
47. Plaintiff YULIANA DEL ROCIO ONTANO BRITO regularly worked approximately four (4) days per week from in or around July 2023 until in or around December 2024; and approximately six (6) days per week from in or around January 2025 until in or around August 2026.
48. Plaintiff YULIANA DEL ROCIO ONTANO BRITO regularly worked approximately seven-and-a-half (7.5) hours per day for two (2) days per week, and approximately seventeen-and-a-half (17.5) hours per day for two (2) days per week, from in or around July 2023 until in or around December 2024; and approximately five-and-a-half (5.5) hours per day for six (6) days per week from in or around January 2025 until in or around August 2026.
49. Thus, Plaintiff regularly worked approximately fifty (50) hours per week from in or around July 2023 until in or around December 2024; and approximately thirty-three (33) hours per week from in or around January 2025 until in or around August 2026.
50. Plaintiff YULIANA DEL ROCIO ONTANO BRITO was paid by Defendants an hourly rate of approximately $13.00 per hour from in or around July 2023 until in or around July 2024; and an hourly rate of approximately $15.00 per hour from in or around August 2024 until in or around August 2026.
51. Plaintiff was primarily paid in cash and direct deposit.
52. Although Plaintiff YULIANA DEL ROCIO ONTANO BRITO worked approximately fifty (50) hours per week from in or around July 2023 until in or around December 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
53. Additionally, during the relevant statutory period, Plaintiff YULIANA DEL ROCIO ONTANO BRITO worked in excess of ten (10) or more hours per day approximately two (2) days per week from in or around July 2023 until in or around December 2024,

however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

54. Moreover, Defendants failed to pay Plaintiff the legally prescribed minimum wage for all her hours worked from in or around July 2023 until in or around August 2026, a blatant violation of the minimum wage provisions contained in the NYLL.

55. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

56. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

57. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

58. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have received for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

59. Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages.

60. Moreover, Defendants JUJUBEEZ LAUNDRY CORP. and PETER TADROS were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the FLSA and NYLL by failing to pay Plaintiff the legally prescribed minimum wage and overtime wages during the period from in or around July 2023 until in or around July 2024.

61. Defendants JUJUBEEZ LAUNDRY CORP. and PETER TADROS's violations of the FLSA were willful and intentional and were not the result of a good-faith error or

reasonable belief that their conduct complied with applicable wage and hour laws. Upon information and belief, said Defendants knew or showed reckless disregard as to whether their conduct violated the FLSA and failed to make a good-faith effort to comply with its requirements.

62. Additionally, Defendants LAUNDRY LAB ONE LLC and GIANCARLO BATTAGLIA were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the FLSA and NYLL by failing to pay Plaintiff the legally prescribed minimum wage and overtime wages during the period from in or around August 2024 until in or around August 2026.

63. Defendants LAUNDRY LAB ONE LLC and GIANCARLO BATTAGLIA's violations of the FLSA were willful and intentional and were not the result of a good-faith error or reasonable belief that their conduct complied with applicable wage and hour laws. Upon information and belief, said Defendants knew or showed reckless disregard as to whether their conduct violated the FLSA and failed to make a good-faith effort to comply with its requirements.

64. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

65. Plaintiff brings this action on behalf of herself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

66. Collective Class: All persons who are or have been employed by the Defendants as laundry assistants, customer service workers, washers, folders, stockers or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including

willfully failing and refusing to pay required minimum and overtime wage compensation.

67. Upon information and belief, Defendants employed approximately 10 or more employees within the relevant time period who were subjected to similar payment structures.
68. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
69. Defendants' unlawful conduct has been widespread, repeated, and consistent.
70. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.
71. Defendants' conduct as set forth in this Complaint was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
72. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
73. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
74. The claims of Plaintiff are typical of the claims of the putative class.
75. Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.
76. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
**Overtime Wages Under The Fair Labor Standards Act**

77. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

78. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

79. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

80. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

81. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

82. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

83. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## <u>SECOND CAUSE OF ACTION</u>

### Overtime Wages Under New York Labor Law

84. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

85. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

86. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

87. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages and an amount equal to her unpaid overtime wages in the form of liquidated damages, as well as

reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

**THIRD CAUSE OF ACTION**
**Spread of Hours Compensation Under New York Labor**

88. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
89. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.
90. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

**FOURTH CAUSE OF ACTION**
**Minimum Wages Under New York Labor Law**

91. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.
92. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.
93. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.
94. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.
95. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.
96. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.
97. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and an amount equal to her unpaid

minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

**FIFTH CAUSE OF ACTION**
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

98. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
99. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of her rate of pay, regular pay day, and such other information as required by NYLL §195(1).
100. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**
**Violation of the Wage Statement Requirements of the New York Labor Law**

101. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
102. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3).
103. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff unpaid overtime wages;
c. Awarding Plaintiff's unpaid minimum wages;
d. Awarding Plaintiff's unpaid spread of hours compensation;
e. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
f. Awarding Plaintiff prejudgment and post-judgment interest;

g. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

h. Awarding such and further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: November 25, 2026
Kew Gardens, NY

Roman Avshalumov

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YULIANA DEL ROCIO ONTANO BRITO, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

JUJUBEEZ LAUNDRY CORP., LAUNDRY LAB ONE LLC, PETER TADROS, and GIANCARLO BATTAGLIA, as individuals,

Defendants.

---

**COLLECTIVE ACTION COMPLAINT**

---

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

To:

*via Secretary of State service:*
**JUJUBEEZ LAUNDRY CORP. (DOS ID: 6755214)**
8030 161st Street, Jamaica, New York 11432

**LAUNDRY LAB ONE LLC (DOS ID: 7373629)**
108-10 Roosevelt Ave, Corona, NY 11368

*via Personal service:*
**JUJUBEEZ LAUNDRY CORP.**
108-10 Roosevelt Ave, Corona, NY 11368

**LAUNDRY LAB ONE LLC**
108-10 Roosevelt Ave, Corona, NY 11368

**PETER TADROS**
8030 161st Street, Jamaica, New York 11432

**GIANCARLO BATTAGLIA**
108-10 Roosevelt Ave, Corona, NY 11368
560 Oakdale Rd, East Meadow, NY 11554-5206